UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA K. LONG, a single individual,<br><br>Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, DOES I-X,<br><br>Defendants. | Case No. C19-568-RSL<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on plaintiff Sandra K. Long's "Rule 56(d) Motion for Extension of Time to Respond to Defendant USAA's Motion for Summary Judgment" (Dkt. # 46). Having reviewed the memoranda, declarations, and exhibits submitted by the parties as well as the underlying motions for summary judgment, the Court finds as follows:

## I. BACKGROUND

Plaintiff argues that she is entitled to an extension to conduct discovery to obtain information to respond to defendant USAA Casualty Insurance Company's motion for summary judgment because (i) the evidence sought goes to material questions of fact as to what information plaintiff provided to defendant regarding the characteristics of her cedar log home, whether defendant properly and adequately evaluated the characteristics of plaintiff's home for underwriting purposes, and whether defendant properly and adequately investigated plaintiff's claim, including whether she informed defendant she had a log home, see Dkt. # 46 at 3-4, and (ii) plaintiff did not have the opportunity to obtain the evidence sought because its existence was revealed for the first time in the deposition of Sandra Sausman, defendant's Rule 30(b)(6)

ORDER DENYING MOTION FOR EXTENSION OF
TIME- 1

designee, on July 27, 2020, and Ms. Sausman did not return her deposition signature page until October 6, 2020, see id.; Dkt. # 54 at 4.

Plaintiff states that the evidence sought through discovery is expected to show that: (i) the reason that defendant's records do not reflect the fact that plaintiff had a log home is because defendant's prior vendor, Marshall & Swift/Boekh ("MSB"), utilized systems that were not set up to accept or address a log home, (ii) the reason defendant's records began to reflect that plaintiff's home contained cedar wood components, such as cedar "clapboards," beginning in 2016 is because defendant switched to a different property valuation program during that time and the new program, Xactware, included entries for cedar components to homes, but may also have not been set up to accept entries for homes constructed completely of wood logs, such as plaintiff's home, and (iii) ultimately, even though plaintiff informed defendant that her home was constructed entirely of logs, defendant's computer systems (and those of its vendors) were not set up to address or value such homes.  Dkt. # 46 at 10-11.

## II. DISCUSSION

Plaintiff is not entitled to an extension.  Rule 56(d) offers relief to a litigant who, when faced with a summary judgment motion, shows that "without Rule 56 assistance, it cannot present facts necessary to justify its claims."  Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).  "The requesting party must show: (1) it has set forth in affidavit [or declaration] form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."  Id. (citing California ex rel Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998); see also Fed. R. Civ. P. 56(d) (permitting affidavit or declaration).  In addition, the requesting party's "failure to conduct discovery diligently is grounds for the denial" of a Rule 56(d) motion.  Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002).[1]

---

[1] Subdivision (d) of Rule 56 "carries forward without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56, Advisory Committee Note to the 2010 Amendments.

ORDER DENYING MOTION FOR EXTENSION OF TIME- 2

### A. Declaration of Specific Facts

Plaintiff has met her burden of setting forth in a declaration the specific facts she hopes to elicit from further discovery regarding some, but not all, of her requested discovery. Plaintiff's counsel's declaration states the plaintiff hopes to elicit the following specific facts, which align with her expected showings described above: (i) the identity of the person(s) responsible for executing the MSB telesurvey and how the survey and its associated computer system would treat or reflect a log home when the survey and, presumably, the associated computer system did not have a category for log homes, and (ii) the construction material options available in the Xactware estimating program at the time that defendant switched from MSB to Xactware. Dkt. # 46 at 10, 12-13. Plaintiff has therefore set forth the specific facts she hopes to elicit in relation to the MSB telesurvey and system (the "MSB information") and the Xactware system (the "Xactware information").

However, plaintiff has failed to set forth the specific facts she hopes to elicit in relation to her extensive list of other evidence and Rule 30(b)(6) depositions that she seeks regarding: (i) defendant's Homeowner's Insurance Transformation project, (ii) the insurance sales and services department of defendant's call center, (iii) defendant's call center processes in or about 1995, (iv) defendant's determination to destroy or purge all underwriting documents and files that are twelve or more years old, (v) defendant's determination to provide only "policy packets" rather than full policies to policyholders, (vi) defendant's record retention policies, (vii) defendant's physical property inspection decisions, including a Rule 30(b)(6) deposition of Garrett Bonillas, defendant's Policy and Performance Underwriter Lead, (viii) defendant's investigation into whether plaintiff informed defendant she had a log home, including a deposition of Rachelle Rousseau, the person identified by Ms. Sausman as having conducted the investigation,[2] and (ix) the "pervasive problem of underinsurance, which arises most dramatically in so-called Catastrophe claims, such as wildfires," including proposed Rule

---

[2] The Court notes that Ms. Rousseau's name was included on defendant's internal log provided to plaintiff in advance of Ms. Sausman's deposition. See Dkt. # 47-8 at 2.

ORDER DENYING MOTION FOR EXTENSION OF
TIME- 3

30(b)(6) deposition(s) of unknown witness(es).[3] See Dkt. # 46 at 11-12. These requests are excessively broad and do not meet Rule 56(d)'s requirement of setting forth specific facts. Plaintiff has therefore failed to meet her burden in relation to all requests except her specific requests regarding the MSB information and the Xactware information.

### B. Existing Facts

While plaintiff claims the sought-after discovery exists, plaintiff's explanation refers only to the creation of the MSB telesurvey. See Dkt. # 54 at 3. Plaintiff's failure to show that the evidence exists is fatal to her request for the Xactware information.

### C. Essential Facts

Looking only to the MSB information, which is the only request that survives prongs one and two of this analysis, plaintiff fails to show that the sought-after facts are essential to oppose summary judgment.

For a fact to be essential to oppose summary judgment, it must alter the total mix of information available to the requesting party. See McCormick v. Fund Am. Companies, Inc., 26 F.3d 869, 885 (9th Cir. 1994) (affirming denial of discovery extension where district court found that the sought-after testimony would "not have altered the total mix of information available" because the requesting party should have been able to infer the information from other facts). Assuming, *arguendo*, that plaintiff is correct that "[t]he crux of USAA's argument against the negligence claim is that USAA did not breach any duty owed to Ms. Long because USAA 'calculated the estimated rebuilding cost of Plaintiff's home on incorrect home characteristics that Plaintiff herself provided" in the 2010 MSB telesurvey, Dkt. # 54 at 2 (quoting Dkt. # 31 at 22-23), and that "the primary dispute of material fact in this case is whether Ms. Long ever informed USAA that her home was made of logs rather than the more prevalent stick construction," Dkt. # 54 at 2-3 (citing Dkt. # 31; Dkt. # 52), plaintiff has not shown that the

---

[3] The Court notes that the record is devoid of any evidence that plaintiff's home caught fire due to a wildfire or other catastrophe.

ORDER DENYING MOTION FOR EXTENSION OF
TIME- 4

x

MSB information is essential to her opposition.[4]  Rather, plaintiff has illustrated that, when combined with her own testimony that she told defendant on multiple occasions that her house was made of logs and Ms. Sausman's testimony that MSB's tool was unable to estimate log home replacement costs, the MSB information has the potential to "fortify" her negligence case and the existence of a dispute of material fact.  See Dkt. # 54 at 3-4.  A fortification of existing evidence does not alter the total mix of information.

The Court also notes that plaintiff put forth a thorough argument in support of her negligence claim in her response to defendant's motion for summary judgment without a reference to the need for the MSB information.  See Dkt. # 44 at 13-20.

The Court therefore finds that plaintiff is not entitled to the MSB information under Rule 56(d) because it is not essential to oppose summary judgment.

**D. Diligence**

Plaintiff also fails to show that her prior discovery efforts were diligent or that she was otherwise denied the previous opportunity to obtain the evidence sought.  See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006) ("We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent."); Program Eng'g, Inc. v. Triangle Publications, Inc., 634 F.2d 1188, 1193 (9th Cir. 1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment.").

As defendant argues, this is plaintiff's third request for a Rule 56(d) continuance since defendant initially filed its motion for summary judgment on May 5, 2020.  This is also the first request opposed by defendant.  See Dkt. # 52 at 2-5, 7.  Plaintiff is not entitled to an extension where she has failed to make good use of her already-extended time to conduct discovery.  Cf.

---

[4] The Court reserves determination on the merits of defendant's motion for summary judgment.

ORDER DENYING MOTION FOR EXTENSION OF TIME- 5

Mackey v. Pioneer Nat. Bank, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment.").

Plaintiff counterargues that she acted with all due haste in seeking discovery because she did not learn that defendant's document retention policy caused it to destroy the original underwriting documents that would have revealed plaintiff's description of the characteristics of her home until Ms. Sausman's deposition, and Ms. Sausman did not return her deposition signature page, thus allowing plaintiff to treat her deposition as final, until October 6, 2020. See Dkt. # 54 at 4. Plaintiff's argument is both incorrect and disingenuous.

Plaintiff provides no legal authority for her contention that she could not pursue discovery stemming from Ms. Sausman's deposition until Ms. Sausman returned her signature page. A deponent is entitled to thirty days to review the deposition transcript and, if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them. See Fed. R. Civ. P. 30(e)(1). Parties are not required to wait if a deponent delays beyond the thirty-day period. See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1224 (9th Cir. 2005) (citations omitted). Further, the expiration of the review period goes not to whether a party may pursue additional discovery based on a deposition, but to whether a court will consider the deposition and any errata sheets. See id.; see also Johnson v. Wang, 2017 WL 4957709, at *1 (W.D. Wash. 2017) ("However, the court reporter's letter to Mr. Johnson's counsel states that Mr. Wang's signature is deemed waived because he did not respond or schedule a time for transcript review within 30 days . . . Accordingly, the court considers the deposition in ruling on Mr. Johnson's motion."). Ms. Sausman's deposition occurred on July 27, 2020, and her review was due on September 10, 2020. See Dkt. # 54-1 at 2, 3. Plaintiff unnecessarily delayed more than two months after Ms. Sausman's deposition and almost a month after the end of Ms. Sausman's review period before filing this motion for an extension of time.

Further, plaintiff's actions show that she was aware that she need not wait for Ms. Sausman's signature to proceed with discovery. In relation to plaintiff's motion to amend the complaint, plaintiff's counsel declared that, on August 4, 2020, he propounded additional

ORDER DENYING MOTION FOR EXTENSION OF TIME- 6

discovery requests on defendant stemming from Ms. Sausman's testimony. See Dkt. # 59 at 4; Dkt. # 60 at ¶¶ 3-4; see also Dkt. # 53 at ¶ 5. This was two months prior to receipt of Ms. Sausman's signature. Plaintiff has therefore failed to show that she was denied the prior opportunity to obtain the evidence sought.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion for extension of time (Dkt. # 46) is DENIED.

DATED this 21st day of January, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR EXTENSION OF TIME- 7