UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA K. LONG,<br><br>    Plaintiff,<br><br>    v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. C19-0568-RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on "Plaintiff's Motion for Reconsideration." Dkt. # 67. On August 2, 2022, the Court dismissed plaintiff's Consumer Protection Act ("CPA") claim on the ground that the insurer's misrepresentations regarding the way it calculates replacement costs and the erroneous calculation of the coverage limits arising therefrom are not misrepresentations of the terms, benefits, or advantages of the policy for purposes of RCW 48.30.090. The Court noted that *Peterson v. Big Bend Ins. Agency, Inc.*, 150 Wn. App. 504 (2009), offered some support for plaintiff's claim, but found that the appellate court's analysis was not persuasive. Plaintiff seeks reconsideration, arguing that, in the context of a diversity case like this one, a federal court cannot reject the analysis of a controlling intermediate state court case simply because it finds the analysis unpersuasive. Rather, if a court of appeals has

ORDER GRANTING PLAINTIFF'S
CLAIM FOR RECONSIDERATION - 1

defined state-created rights and obligations, the decision must be followed "in the absence of convincing evidence that the highest court of the state would decide differently." *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 874 (9th Cir. 2021) (quoting *Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467 (1940)).

Defendant opposes reconsideration, arguing that (a) the Court already found that *Peterson* was distinguishable, (b) plaintiff has failed to show that the Washington Supreme Court would have resolved the issue in its favor, and (c) plaintiff has failed to establish the fourth and fifth elements of a CPA claim, namely injury and causation. These arguments are not well-taken. The Court specifically found that *Peterson* and this case involve allegations "that the defendant falsely represented the manner in which replacement costs would be calculated" resulting in a significant shortfall between the coverage limit and the actual costs of rebuilding. Dkt. # 66 at 16.[1] The *Peterson* analysis was rejected because it was unpersuasive, not because it was factually distinguishable.

As plaintiff points out, rejection of an intermediate state court decision is appropriate only if there is "convincing evidence" that the Washington Supreme Court would decide the issue differently. In response to plaintiff's reliance on a controlling court of appeals decision, defendant offers no evidence that the state's highest court would disavow a thirteen-year-old precedent involving statutory construction and which favors insureds. The fact that the

---

[1] As discussed in the context of plaintiff's negligence claim, the insurer affirmatively undertook to calculate the replacement cost of plaintiff's home based on the home's characteristics but then ignored or inaccurately recorded plaintiff's repeated description of her cedar log home. Dkt. # 66 at 11.

ORDER GRANTING PLAINTIFF'S
CLAIM FOR RECONSIDERATION - 2

undersigned would rule differently if presented with this issue *de novo* does not justify ignoring *Peterson*'s clear determination of state law lest the pre-*Erie* evils of forum shopping and the inequitable administration of the laws again plague our federal system. *Nikfard v. State Farm Fire & Cas. Co.,* 2021 WL 966541 at *4 (W.D. Wash. March 15, 2021) (citing *Hanna v. Plumer,* 380 U.S. 460 (1965)).

      With regards to the injury and causation elements of a CPA claim, plaintiff alleges that the insurer misrepresented the way in which replacement costs would be calculated and that the failure to consider her home's actual characteristics resulted in a replacement coverage limit that was too low. If the jury credits that theory, it could also find that plaintiff relied to her detriment on the repeated representation that she had replacement cost coverage based on her home's characteristics, that the resulting policy was insufficient, and that she incurred rebuilding expenses that exceeded the calculated coverage limit by more than $100,000.

      For all of the foregoing reasons, the Court finds that reconsideration under LCR 7(d)(1) is appropriate. Plaintiff's CPA claim based on defendant's representations regarding the way in which replacement costs would be calculated and the amount of those "replacement costs" may proceed.

      Dated this 8th day of September, 2022.

                                     */s/ Robert S. Lasnik*
                                   Robert S. Lasnik
                                   United States District Judge

ORDER GRANTING PLAINTIFF'S
CLAIM FOR RECONSIDERATION - 3